**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| JEREMIAS SEVERINO, on behalf of himself and all other persons similarly situated, known and unknown, | ) ) ) | |
| | ) | Case No. |
| Plaintiff, | ) | |
| | ) | Judge |
| v. | ) | |
| | ) | |
| BISTRO DRAGON, INC., and KEVIN CHEN, individually | ) ) | |
| | ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiff Jeremias Severino a/k/a Jose Jeremias, on behalf of himself and all other persons similarly situated, known and unknown, through his attorneys, for his Complaint against Defendants, Bistro Dragon, Inc. (hereinafter "Bistro Dragon"), and Kevin Chen, individually (hereinafter "Chen"), states as follows:

**PRE-SUIT ATTEMPTS TO RESOLVE PLAINTIFF'S CLAIMS**

1.      Plaintiff sent a pre-suit demand letter to Defendants on September 23, 2016.  See Exhibit A (demanding $36,733.18 to resolve Plaintiff's claims).  On October 3, 2016, Plaintiff's counsel received a call from attorney Dennis Favaro requesting more time to respond to the demand letter.  On October 5, 2016, Plaintiff's counsel was contacted by Defendant Kevin Chen. Defendant Kevin Chen indicated that he had not yet hired an attorney but that he was in the process of doing so.  On October 6, 2016, Plaintiff's counsel received a letter from attorney Roxolana I. Harasymiw in which she indicated she had been retained by Defendant Bistro Dragon, Inc. and that Defendant was interested in resolving Plaintiff's claims.  However, on October 18, 2016, before providing any settlement offers, Ms. Harasymiw terminated her

representation of Bistro Dragon, Inc. Despite their attempts, Plaintiff's counsel has since then been unable to reach Defendants and Defendants have not contacted Plaintiff's counsel.

**NATURE OF PLAINTIFF'S CLAIMS**

2.      This lawsuit arises under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and other similarly-situated persons.

3.      In one or more individual work weeks during the prior three years, Plaintiff and other similarly-situated cooks and kitchen staff worked for Defendants in excess of forty (40) hours per week but were not paid overtime at a rate of one and one-half times their regular rates of pay.

4.      Plaintiff brings his FLSA claim as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiff's consent form to act as representative party plaintiff in this FLSA overtime lawsuit is attached hereto as Exhibit B.

5.      In the bi-weekly earnings statements Defendants at times provided Plaintiff, Defendants attempted to hide their failure to pay overtime compensation at the required rate by misstating the hours Plaintiff worked and by mischaracterizing a portion of his wages under the category of "Tips." For example, Plaintiff worked more than eighty (80) hours during the pay period from July 11, 2016 through July 24, 2016, yet Plaintiff's earnings statement records his "Hrs/Units" worked at "21.00" and his "Rate" of pay at $10.00. *See* Exhibit C. Then, under the "Tips" category, Plaintiff's earnings statement records an additional $629.00 payment to Plaintiff. This additional $629.00 is simply part of the $1,242 Plaintiff typically received during a pay period. Plaintiff was employed as a cook for Defendants and did not receive "Tips." In addition, for this pay period Plaintiff was docked $207.00 from his pay and provided $196.00 in

cash. *Id.*

**JURISDICTION AND VENUE**

6.　　This Court has jurisdiction over Plaintiff's FLSA claim, arising under 29 U.S.C. §

216(b), pursuant to 28 U.S.C. § 1331.

7.　　This Court has supplemental jurisdiction over Plaintiff's IMWL claim pursuant to

28 U.S.C. § 1367.

8.　　Venue is proper in this judicial district under 28 U.S.C. § 1391 because the facts

and events giving rise to Plaintiff's claims occurred in this judicial district.

**THE PARTIES**

9.　　Plaintiff resides in and is domiciled in this judicial district.

10.　　Defendant Bistro Dragon is an Illinois corporation.

11.　　Defendant Bistro Dragon operates a restaurant, Bistro Chen, located at 10 E.

Miner Street, Arlington Heights, IL  60004. *See* http://bistrodragon.com/contact/.[1]

12.　　Defendant Bistro Dragon is an "enterprise" as that term is defined in Section

203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1).

13.　　Defendant Bistro Dragon is an enterprise engaged in commerce or in the

production of goods for commerce within the meaning of Section 203(s)(1)(A) of the FLSA. 29

U.S.C. § 203(s)(1)(A).

14.　　During the last three years, Defendant Bistro Dragon's annual gross volume of

sales made or business done has exceeded $500,000.00, exclusive of excise taxes.

15.　　During the course of his employment with Defendant Bistro Dragon, Plaintiff

handled goods, including perishable produce, meats, and other food products that moved in

---

[1] According to the Secretary of State of Illinois Corporation File Detail Report for Bistro Dragon, Inc., Bistro Chen appears to be an inactive assumed name of Bistro Dragon, Inc.  See Exhibit D.

3

interstate commerce.

16.     Defendant Bistro Dragon was Plaintiff's "employer" as that term is defined by the FLSA. 29 U.S.C. § 203(d).

17.     Defendant Bistro Dragon was Plaintiff's "employer" as defined by the IMWL. 820 ILCS 105/3(c).

18.     Plaintiff was Defendant Bistro Dragon's "employee" as that term is defined by the FLSA. 29 U.S.C. § 203(e)(1).

19.     Plaintiff was Defendant Bistro Dragon's "employee" as defined by the IMWL. 820 ILCS 105/3(d).

20.     Defendant Chen resides in and is domiciled within this judicial district.

21.     Defendant Chen is an owner of Bistro Dragon, Inc. and Bistro Chen and is involved in the day to day business operations of Bistro Chen.  During the prior three (3) years, Defendant Chen hired and fired employees, directed and supervised the work of employees, signed on the corporation's checking accounts, and participated in decisions regarding employee compensation and capital expenditures.

22.     Defendant Chen was Plaintiff's "employer" as that term is defined by the FLSA, 29 U.S.C. § 203(d).

23.     Defendant Chen was Plaintiff's "employer" as defined by the IMWL, 820 ILCS § 105/3(c).

24.     Plaintiff was Defendant Chen's "employee" as that term is defined by the FLSA, 29 U.S.C. § 203(e)(1).

25.     Plaintiff was Defendant Chen's "employee" as defined by the IMWL, 820 ILCS 105/3(d).

**FACTUAL BACKGROUND**

26.     Plaintiff worked for Defendants from approximately November 2010 through August 31, 2016.

27.     Plaintiff was hired by Defendant Chen to work for Defendants as a cook.

28.     During the prior three (3) years, Plaintiff was not exempt from the overtime provisions of the FLSA and the IMWL.

29.     During the prior three (3) years, other cooks and kitchen staff were not exempt from the overtime provisions of the FLSA and the IMWL.

30.     In one or more work weeks during the prior three (3) years, Plaintiff worked for Defendants in excess of forty (40) hours in an individual work weeks.

31.     For example, from approximately November 2013 until August 2016, Plaintiff customarily worked fifty-nine (59) hours per week with the following schedule: Tuesday through Thursday from approximately 10:30 a.m. to 2:30 p.m. and 4:00 p.m. to 9:30 p.m., Friday and Saturday from 10:30 a.m. to 2:30 p.m. and 4:00 p.m. to 10:30 p.m., and Sunday from 10:30 a.m. to 2:30 p.m. and 4:00 p.m. to 9:30 p.m.

32.     In one or more weeks during the prior three (3) years, other similarly-situated employees worked more than forty (40) hours.

33.     In one or more weeks during the prior three (3) years, Defendants did not pay Plaintiff overtime pay at a rate of one and one-half times his regular rate of pay when he worked more than forty (40) hours per work week.

34.     Instead, Defendants paid Plaintiff a flat amount for all time worked in individual work weeks, with no overtime pay for the time he worked over forty (40) hours in one or more individual work weeks.

35.     In one or more weeks during the prior three (3) years, Defendants did not pay other similarly situated employees overtime pay at a rate of one and one-half times their regular rate of pay when they worked more than forty (40) hours per work week.

36.     Instead, Defendants likewise paid other similarly-situated employees a flat amount, with no overtime pay for the time they worked over forty (40) hours in one or more individual work weeks.

## COUNT I
## Violation of the Fair Labor Standards Act - Overtime Wages
### (Collective Action)

Plaintiff repeats and realleges paragraphs 1 through 36 as if fully restated herein.

37.     This count arises from Defendants' violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, for Defendants' failure to pay overtime wages to Plaintiff and those similarly situated for all time they worked for Defendants.

38.     Plaintiff and other similarly-situated employees worked for Defendants as cooks and kitchen staff.

39.     In one or more work weeks during the last three years, Plaintiff and other cooks and kitchen staff worked in excess of forty (40) hours per week.

40.     Pursuant to 29 U.S.C. § 207, for all weeks during which Plaintiff and those similarly situated worked in excess of forty (40) hours, they were entitled to be compensated at a rate of one and one-half times their regular rates of pay.

41.     Defendants did not compensate Plaintiff at a rate of one and one-half times his regular rates of pay for hours worked in excess of forty (40) hours in individual workweeks.

42.     Defendants did not compensate other similarly situated employees at a rate of one and one-half times their regular rates of pay for hours worked in excess of forty (40) hours in

individual workweeks.

43.     Defendants' failure and refusal to pay overtime wages for all time worked in excess of forty (40) hours per week was a violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

44.     Defendants' failure and refusal to pay overtime wages for hours worked in excess of forty (40) hours per week was a willful violation of the Fair Labor Standards Act, 29 U.S.C. § 207.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      designation of this action as a collective action and prompt issuance of notice to similarly-situated employees pursuant to 29 U.S.C. § 216(b) appraising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B.      judgment in the amount of the overtime wages owed to Plaintiff and all other similarly-situated employees who join this lawsuit;

C.      liquidated damages in an amount equal to the amount of unpaid overtime wages;

D.      reasonable attorneys' fees and costs incurred in the filing and prosecution of this action; and

E.      such other and further relief as this Court deems just and proper.

**COUNT II**
**Violation of the Illinois Minimum Wage Law - Overtime Wages**
**(Plaintiff Individually Only)**

Plaintiff hereby realleges and incorporates paragraphs 1 through 36 of this Complaint.

45.     The matters set forth in this Count arise from Defendants' violation of the overtime compensation provisions of the Illinois Minimum Wage Law.  820 ILCS 105/4a. Plaintiff brings this action pursuant to 820 ILCS 105/12(a).

46.     During the last three years, Defendants required Plaintiff to work more than forty (40) hours in one or more individual work weeks.

47.     Pursuant to 820 ILCS 105/4(a), for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

48.     Defendants did not pay Plaintiff one and one-half times his regular rate of pay for time worked in excess of forty (40) hours per week.

49.     Defendants violated the Illinois Minimum Wage Law by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for all time worked in excess of forty (40) hours per week.

50.     Pursuant to 820 ILCS 105/12(a), Plaintiff is also entitled to recover interest in the amount of two percent (2%) per month of the amount of under payments.

WHEREFORE, Plaintiff prays for a judgment against Defendants as follows:

A.      judgment in the amount of all overtime wages to Plaintiff under the IMWL;

B.      interest pursuant to the formula set forth in 820 ILCS 105/12(a);

C.      reasonable attorneys' fees and costs incurred in the filing and prosecution of this action as provided in 820 ILCS 105/12(a); and

D.      such other and further relief as this Court deems just and proper.

Respectfully submitted,

Dated:  November 9, 2016          s/ Douglas M. Werman
                                  One of Plaintiff's Attorneys

Douglas M. Werman (dwerman@flsalaw.com)
Maureen A. Salas (msalas@flsalaw.com)
Sarah J. Arendt (sarendt@flsalaw.com)
Zachary C. Flowerree (zflowerree@flsalaw.com)
Werman Salas, P.C.
77 West Washington, Suite 1402
Chicago, Illinois 60602
(312) 419-1008
Attorneys for Plaintiff